UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DON CAMPBELL, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No: 2:15-cv-00251-JMS-WGH |
| | ) |
| MIKE RAINS, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). State inmate Don Campbell was notified of this requirement and given a period of time "in which to identify the legal rule or principle on which he relies in seeking habeas corpus relief and in which to explain how that legal rule or principle applies to the circumstances he has narrated in his habeas petition." He has responded to those directions through his filing of September 15, 2015 and the action is now before the court for its initial review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

Campbell is confined in this District serving the second of two convictions imposed by a state court in St. Joseph County. He seeks habeas corpus relief based on his contention that prison authorities – and/or perhaps a court - have improperly delayed or denied him participation in a Community Transition Program ("CTP"). CTP is defined by IND. CODE § 11–8–1–5.5 as follows:

> "Community transition program" means assignment of a person committed to the [Department of Correction] to:
> (1) a community corrections program; or
> (2) in a county or combination of counties that do not have a community corrections program, a program of supervision by the probation department of a court;
> for a period after a person's community transition program commencement date until the person completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to the term.

Community corrections program means

> a community based program that provides preventive services, services to offenders, services to persons charged with a crime or an act of delinquency, services to persons diverted from the criminal or delinquency process, services to persons sentenced to imprisonment, or services to victims of crime or delinquency, and is operated under a community corrections plan of a county and funded at least in part by the state subsidy provided in IC 11–12–2.

IND. CODE § 11–12–1–1.

The details of just how prison authorities—or perhaps the courts which sentenced Campbell—have denied Campbell assignment to, or participation in, a CTP are sketchy, but those details are not required to properly resolve his petition for writ of habeas corpus.

### B. Discussion

The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). As the

Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)).

The principle just recited means that an asserted violation of state law does not present a viable or cognizable claim for relief pursuant to § 2254(a). Campbell is therefore not entitled to relief based on the asserted violation of Indiana law because such a claim is not cognizable here. *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

Campbell's habeas petition also fails to present a viable claim for relief as to the constitutional adjectives which are used inasmuch as it has been definitively determined that under Indiana statutes "[a] defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right." *McQueen v. State,* 862 N.E.2d 1237, 1242 (Ind.Ct.App. 2007) (citations and quotation marks omitted). The constitutional argument thus takes Campbell nowhere, for when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

### C. Conclusion

The foregoing shows that Campbell is not entitled to a writ of habeas corpus. His non-assignment to a CTP does not render his continued custody at the Putnamville Correctional Facility in violation of the Constitution or laws or treaties of the United States. This conclusion pretermits the need to engage in any other analysis.

The petition for writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Campbell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: September 22, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DON CAMPBELL
245974
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135